SAMUEL L. THOMPSON, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, March 29, 1909.

1. COMMON CARRIERS: Delivery: Excuse: Act of God: Roadbed. The carrier must safely deliver the shipment to its destination within a reasonable time and can be excused only by matters which cannot be reasonably anticipated, such as act of God, etc., and defective roadbed, tracks and equipment afford no excuse for non-delivery.

2. ———: ———: Wreck: Burden of Proof: Negligence. When it appears that the failure to deliver was caused by a wreck a case of negligence is made out, and the burden of proof is shifted to the carrier to show unavoidable accident, and whether that is made out is a question for the jury.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes*, Judge.

AFFIRMED.

*J. G. Trimble* and *H. T. Herndon* for appellant.

(1) It is held that mere delay is not proof of negligence in this class of cases. Wright v. Railroad, 118 Mo. App. 392. And where a party to a suit alleges negligence it devolves upon him to prove it. Milling Co. v. Transit Co., 122 Mo. 275. (2) From the evidence the wreck of the train should be ascribed to unavoidable accident and such causes as could not have been foreseen and the carrier should be held blameless of negligence. McFall v. Railroad, 117 Mo. App. 477.

*F. B. Ellis* for respondent.

(1) The railroad undertook and it was their duty to deliver the stock within a reasonable time after they received it, and what is a reasonable time is generally a question for the jury, to be determined from all the facts and circumstances in the case. Douglas v. Railroad, 53 Mo. App. 473; Wurmack v. Railroad, 109 S. W. 1031. (2) The defendant should have used ordinary care in the transportation of the plaintiff's hogs. It was its duty to use ordinary care and to transport them without unreasonable delay. Douglas v. Railroad, 53 Mo. App. 473; Dawson v. Railroad, 79 Mo. 297; McFaden v. Railroad, 92 Mo. 343; Vincil v. Railroad, 112 S. W. 1031; McFall v. Railroad, 117 Mo. App. 479; Cohen v. Railway, 126 Mo. App. 244; Medicine Co. v. Railroad, 126 Mo. App. 455. (4) The instructions fairly presented the issue to the jury which was indeed very fair to defendant. Hines v. Ex. Co., 66 Mo. 499; Livery Co. v. Railroad, 105 Mo. 556.

BROADDUS, P. J.—This is an action for damages caused by negligence. On the 21st day of November, 1906, the defendant as a common carrier received from the plaintiff at Mecca, on the line of its railroad, two carloads of hogs, consisting of one hundred and ninety-eight head, for transportation to market at St. Joseph, Missouri. The hogs were loaded at about 4:40 o'clock p. m. of the day in accordance with the directions of defendant's agent. The hogs were to be transported to Osborn and then to be delivered to the Chicago, Burlington & Quincy Railroad, over which they were to be carried to their destination. The train that was expected to carry the shipment was derailed before it reached Mecca and did not arrive, and the hogs remained loaded on the cars until about 3:38 p. m. of the next day, when they were carried to Osborn, where they were received by the connecting carrier and by it were delivered at St. Joseph, but arrived many hours

behind the usual time that hogs should arrive in order to get on the day's market.

The evidence tended to show that in consequence of the delay the plaintiff suffered a loss in a decline of the market; that some of the hogs were crippled, and some of them suffocated.

The defendant, in order to show that the delay was caused by an unavoidable accident, introduced in evidence the testimony of the employees in charge of the train, which was to the effect that they examined the track at the place of derailment and that there was nothing wrong with its condition and that they could discover nothing, in their opinion, that caused the derailment. The persons in charge of the track were also introduced to prove the good condition of the tracks. And the car inspector was introduced, whose testimony was that the cars were in good condition. It was a mixed train, and the evidence was that the derailment was caused by the front wheels of the baggage car leaving the track. The court by appropriate instruction submitted the issues to the jury which returned a verdict for plaintiff, upon which judgment was rendered, and defendant appealed.

The defendant contends that under the evidence the plaintiff was not entitled to recover, and that, therefore, the court committed error in not sustaining its demurrer to plaintiff's evidence. It is conceded that it was the duty of defendant as a common carrier to have safely delivered plaintiff's hogs at their destination within a reasonable time; and that the only causes that would justify a breach of duty in that respect are those which could not be reasonably anticipated, such as the act of God, that of the public enemy, unavoidable accident, etc. . Results, attributed to a defective roadbed or tracks and defective equipments, afford no excuse for the non-performance of the carrier's duty to safely deliver the goods of the shipper to their destination within a reasonable time. [McFall v. Rail-

way, 117 Mo. App. 477; Vencill v. Railroad, 112 S. W. 1031.]

When it was shown that the delay was caused by a wreck of the train, which it was intended should carry plaintiff's hogs, prima facie a case of negligence was made out, which shifted the burden of proof upon defendant to show that it was the result of unavoidable accident. [McFall v. Railway, supra; Vencill v. Railway, supra; Keyes-Marshall Bros. Livery Co. v. Railroad, 105 Mo. App. 556.] This, defendant undertook to do by evidence as to the good condition of its track and its cars. But it was still a question for the jury and not for the court to say whether defendant had made good its defense in that respect, and that question was properly submitted to the jury.

Affirmed. All concur.