## M. F. VIERNOW, Respondent, v. CITY OF CARTHAGE, Appellant.

**Springfield Court of Appeals, December 6, 1909.**

1. **CONTRACT: Construction: Admissibility of Parol Evidence to Show Meaning of the Word "Macadam."** In a suit for damages against a city for breach of contract by the terms of which defendant was to purchase from plaintiff all crushed stone used in the construction and repair of the city streets, where the improvement is made with macadam, it is held that the word "macadam" may have a variety of meanings according to the understandings of the parties using the word; that it does not clearly apear on the face of the contract just what was meant by its use and that because of this ambiguity it was proper to admit parol testimony to explain what the parties to the contract understood by the use of the word.

2. **————: Damages: Evidence of Loss of Profits.** In an action to recover loss of profits on a breach of contract to furnish crushed rock, plaintiff should not be permitted over defendant's objection to simply state what his profits were, but the facts showing the cost of production must be given and then, if the cost be less than the selling price, the difference will constitute the profit.

3. **EVIDENCE: Proof of City Ordinance.** It is error to permit a witness to testify to the provisions of a city ordinance. The ordinance itself should have been produced.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright*, Judge.

REVERSED AND REMANDED.

*R. A. Hockensmith* and *Perkins & Blair* for appellant.

(1) The court over the objection and exception of defendant permitted plaintiff to show what the meaning of the term "macadam" was at the time the contract was entered into. The contract is not ambiguous and it was the duty of the court to construe the contract. Ford v. Dyer, 148 Mo. 541; Chapman v. Railroad, 114 Mo. 542; Greason v. Railroad, 112 Mo. App. 129. (2) Plaintiff's given instruction No. 1 left it to the jury to determine what the parties meant by the use of the word "macadam" in the contract. The court should have construed the contract and told the jury what the word "macadam" meant. Mantz v. Maguire, 52 Mo. App. 146; Mathews v. Danahy, 26 Mo. App. 660; Ford v. Dyer, 148 Mo. 541. (3) The evidence in relation to the amount of damages sustained by the plaintiff, if any, is so vague, indefinite and uncertain that a jury could not intelligently determine that the plaintiff's damages amounted to any particular sum. Where this is so, plaintiff can only recover nominal damages, if any. Cravens v. Hunter, 87 Mo. App. 456; Burdall v. Johnson, 122 Mo. App. 119.

*R. A. Mooneyham* for respondent.

(1) The court did not err in permitting plaintiff to testify to what term "macadam" meant. Prim v. Haren, 27 Mo. 205; Huth v. Railroad, 56 Mo. 202. (2) The court did not err in submitting the question of profits to the jury. The decisions in this state recognize the right to recover loss of profits in actions for breach of contracts. Gildersleeve v. Overstolz, 90 Mo. App. 518.

STATEMENT.—On August 27, 1906, plaintiff and defendant entered into a contract by which plaintiff was to furnish crushed stone to defendant for two years

for sixty cents per cubic yard. The essential parts of this contract are as follows:

"The party of the first part, in consideration of the price and stipulations hereinafter contained, hereby agrees, for a term of two years from date hereof to supply and furnish the party of the second part all the crushed stone to be used, and needed for use, during said term by said City of Carthage, in construction and repair of streets and alleys in said city, said stone to be furnished f. o. b. wagon at quarry located at the north end of Case street in said city. For all such stone used by the said party of the second part, said second party hereby agrees to pay the said M. F. Viernow the price and sum of sixty cents per cubic yard, bills to be rendered and paid monthly.

"The city of Carthage, in consideration of the premises and the prices hereinbefore stipulated, agrees upon its part to use said crushed stone in all street construction work and all repair work done by it where the improvement is made with "macadam."

After the expiration of two years, the plaintiff brought suit by which he seeks to recover for loss of profits on crushed stone which he contends the city was bound, under its contract, to buy from him, and alleges that instead of using his product, the city used river and mining gravel. There was judgment for plaintiff and defendant has appealed.

COX, J.—Defendant contends that the court committed error in permitting plaintiff to show by witnesses what the parties to the contract understood the word "macadam" to mean when they executed the contract, that the contract is not ambiguous, and, hence it was the duty of the court to construe it and declare its meaning as it was written.

The word "macadam," as used in this contract, evidently refers to the material to be used, and there can be

no question but that the crushed stone to be furnished by plaintiff was "macadam."

The word "macadam" may have a variety of meanings according to the understanding of the parties using the word. It has a technical or scientific meaning, and when used in that sense, it means the material used by Macadam, the originator of the system of road-building called macadamizing. This material consists of pieces of broken stone of a uniform size weighing not to exceed six ounces each. Some courts have given it this meaning, and properly so in the cases then before them. Thus, in State v. Curry, 1 Nev. 251. The court, in construing a statute authorizing any person who might build a macadamized road between two points to charge toll thereon, held that to come within the statute, the road must be built according to the system and by use of the same process and material as that used by Macadam, the originator of that system of road-building. This same rule was followed in Partridge v. Lucas, 99 Cal. 519, 33 Pac. Rep. 1082, in construing an ordinance in relation to street paving; but this term may have other meanings. Thus in Jones v. Plummer, 118 S. W. 109, the Saint Louis Court of Appeals treated a street improved by the use of gravel, none of which were to exceed two and one-half inches in diameter, as a macadamized street and the gravel used was denominated "macadam."

The purpose to be attained in macadamizing a street is to give to it a hard, smooth surface, supported by a compact body, formed by pressing together small pieces of a hard substance so that it will withstand the weight of vehicles and at the same time resist the effects of frost and rain, and thus furnish a good road at all seasons of the year. The material generally used is crushed or broken stone, but if the same purpose can be attained by the use of river or mining gravel we see no reason why this material, when used for this purpose, may not also be denominated "macadam" as was done in the case of Jones v. Plummer, supra.

The clause in this contract by which the city agrees "to use said crushed stone (meaning, of course, stone crushed by plaintiff) in all street construction work and all repair work done by it where the improvement is made with macadam," was evidently intended for plaintiff's benefit and must have been intended to protect him against competition from other men, should there be any, who might produce material similar to his product; but it may also have been intended to protect him against the use by the city of other material for the same purpose for which his product was to be used. It not clearly appearing upon the face of the contract just what purpose was to be subserved by the insertion of this clause therein, there exists an ambiguity which, we think, it is proper to explain by parol testimony, and hence hold that the trial court was right in permitting plaintiff to introduce testimony tending to show that the parties to this contract understood, at the time of its execution, that the term "macadam" included river and mining gravel as well as crushed stone. This position is strengthened by the fact that the contract does not designate to what size the stone to be crushed by plaintiff was to be reduced by the process of crushing. The term "crushed stone" is not a term of exact meaning, but stone broken by machinery may be of different sizes after being crushed, and yet the entire product would be properly called crushed stone. These parties probably had some definite understanding as to that, yet the contract says nothing about it. They may also have had an understanding as to what material the term "macadam" was to include, and, if so, it would certainly be proper to allow it to be shown by extrinsic testimony.

In the trial below a witness was permitted to testify to the provisions of city ordinances. This was erroneous. The ordinance should have been produced.

It is claimed by defendant that some gravel was used for repair work on streets that had been formerly

improved by the use of gravel, and it is contended that this was not prohibited by the contract. If it be shown that the term "macadam" included gravel, then whether or not gravel could be used on this sort of repair work would depend upon the nature of the work. If, for any reason, the repair work should not require the use of material in such a way that, if crushed stone were used, it would form a compact body, then it could not be said to be macadam, and, hence, in that class of repair work, gravel might be used, but, if in making such repairs, crushed stone could be used in such a way that it would form a compact body as it would in original street construction work, then it would be the duty of the city to use it. It is also claimed that some gravel was used as a thin layer over the crushed stone for the purpose of forming a binder only and to more readily give to it a smooth surface. We think this was permissible under the contract. The evidence shows that some gravel was used in both of these ways, but it was not distinguished from that used as "macadam," that is, to form the body of the street covering, hence, must have been included in the amount used for which defendant was held liable. This was error.

This is an action to recover for profits plaintiff contends he would have made if defendant had complied with its contract and had permitted plaintiff to furnish crushed stone for street improvements and repairs made by defendant during the life of the contract. If defendant breached its contract then the question as to whether or not plaintiff can recover for profits lost by reason of such breach, will depend entirely upon his ability to prove by competent evidence what the lost profits were. This he cannot do, over the objection of defendant, by simply stating that his profit was twenty cents per cubic yard as was done in the trial of this case, but the facts showing the cost of production must be given, and then if this cost be less than the selling price, the difference will constitute the profit. The

court, therefore, erred in permitting this testimony to go to the jury, and without this testimony there was no evidence in this case on which to base a verdict for profits in any amount. For a discussion of this question and citation of authorities to sustain this position see S. O. Morrow et al. v. Missouri Pacific R. R., decided at this term.

For the errors noted, the judgment will be reversed and the cause remanded. *Nixon, P. J.,* concurs. *Gray, J.,* having been of counsel, not sitting.