R. A. GRIMES, Respondent, v. ST. LOUIS & SOUTHWESTERN RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, June 20, 1914.**

1. **RAILROADS: Water and Watercourses: Maintaining Openings Through Road Bed.** Section 3150, R. S. 1909, does not require railroad companies to construct or maintain openings across and through their right of way and roadbed, to drain and carry off water, unless there is a ditch, drain or watercourse with which such opening can be connected; so that, where a railroad company constructed a trestle where a creek crossed its right of way, and the creek subsequently became filled up with soil and obliterated as a watercourse without neglect on the part of the company with respect to maintaining the opening, the company was not liable for damages to adjacent land from surface water, on the theory that it had failed to perform its statutory duty with respect to keeping the opening open, but if any portion of the creek remained, so as to afford a drain with which the opening could connect, or if the creek became filled up by reason of the neglect of the company to maintain the opening, the company would be liable.

2. ———: ———: **Rights of Railroad Companies.** A railroad company has no right to enter upon the lands of adjoining proprietors for the purpose of constructing a drain or ditch, with which an opening across and through its right of way and roadbed may connect, for the purpose of carrying off water, and if it constructs such an opening and thereby permit water to be discharged upon the lands of adjoining proprietors, when there is no ditch, drain or watercourse to connect with such opening, it is liable for the damages caused by such discharge of water.

3. ———: ———: **Maintaining Openings Through Roadbed: Question for Jury.** In an action against a railroad company for damage to land adjoining its right of way caused by its failure to maintain an opening under a trestle it had constructed, so as to afford a sufficient outlet for water, as required by Sec. 3150, R. S. 1909, where it was shown that the creek with which such

opening originally connected had filled up, *held*, under the evidence, that whether the creek had so completely filled up as to become entirely obliterated as a watercourse, so as to relieve defendant of the obligation of maintaining the opening, was a question for the jury; *held*, *further*, that even though the creek had become obliterated as a watercourse, it was a question for the jury, under the evidence, whether defendant was not nevertheless liable, on the theory that such obliteration had occurred through its negligence in failing to maintain the opening.

4. **NEGLIGENCE: Taking Advantage of Own Wrong.** A person will not be allowed to benefit by his own wrongful act.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

REVERSED AND REMANDED.

*S. H. West* and *Wammack & Welborn* for appellant.

(1) Section 3150, on which this action is based, does not require the railroad company to construct or maintain openings through and across its roadbed and right of way, except to connect with ditches, drains or watercourses. In an action under this statute, the plaintiff must allege in his petition, and show at the trial, that there are ditches, drains, or watercourses with which the defendant company could connect the openings through and under its track, and unless this allegation be made, and by the proof sustained, no case is made under this statute. Field v. Railroad, 21 Mo. App. 600; Bryne v. Railroad, 47 Mo. App. 383; Collier v. Railroad, 48 Mo. App. 402; Graves v. Railroad, 69 Mo. App. 574; Ranney v. Railroad, 137 Mo. App. 537; Grant v. Railroad, 149 Mo. App. 313; Stone v. Railroad, 146 Mo. App. 298; Pace v. Railroad, 174 Mo. App. 227. (2) Prior to the amendment of this section in 1907, a cause of action existed against the railroad companies in favor of the owners of growing crops from surface water, which

had been caused to flow over the land by the railroad embankment, and hence the amendment "including surface water," added nothing to the section and does not change the rule of construction heretofore put upon said section by the courts. Williams v. Railroad, 115 Mo. App. 75; Cox v. Railroad, 174 Mo. 606; Ranney v. Railroad, 137 Mo. App. 545.

No brief filed for respondent.

NORTONI, J.—This is a suit for damages accrued to plaintiff because of the failure of defendant to construct and maintain openings across and through the right of way of its railroad, to afford an outlet for the waters accumulated on his land. Plaintiff recovered and defendant prosecutes the appeal.

The suit proceeds under the statute (Sec. 3150, R. S. 1909). It appears that the crops destroyed by water were growing in fields on plaintiff's farm adjacent to defendant's railroad and immediately north of it. Plaintiff's farm consists of lowlands and to the north and west of it there is a range of hills. A number of years ago defendant constructed its railroad embankment, some five or six feet in height, along the south side of the fields on which the standing crops were overflowed and destroyed. At the time the railroad was constructed, Cane creek seems to have been an open waterway, running from the hills to the north and west of plaintiff's land and through his lands and across the right of way of defendant. After crossing defendant's right of way, and a short distance therefrom, Cane creek lost itself in the open bottom, by spreading out or discharging the water it carried promiscuously into the swamp. Defendant constructed a trestle in its railway embankment, some forty feet long, to permit Cane creek to pass through and across its right of way. But subsequently plaintiff and other adjacent proprietors constructed a ditch on the north

side of the railroad—that is, on their land—by which the waters from Cane creek were diverted, in a measure, from the usual course. Then, too, as farms were developed and improved in the hill lands and the earth tilled thereon, the soil washed down Cane creek so as to fill it up and completely obliterate it as a watercourse, from a point north of the railroad track on plaintiff's lands to some distance south in the bottoms. By this means, it is said, the trestle that defendant had theretofore constructed was filled to within about a foot of the crossbeams above, and, indeed, the surface of plaintiff's fields appears to be lower at this time north of the railroad track than adjacent thereto. The drain and waterway theretofore afforded by Cane creek through and south of the railroad embankment having been filled and obliterated by the process of nature, defendant omitted to remove the earth so filled in beneath its trestle, where the creek formerly passed through its right of way. Because of this condition and because no sufficient outlet for the water from Cane creek and the surface water from the hills has been constructed or maintained by defendant, plaintiff's growing crops in the fields north of the railroad were overflowed and destroyed. The evidence is conclusive to the effect that Cane creek as a watercourse—that is, with defined banks—has been entirely obliterated south of defendant's right of way and, indeed, across the right of way and north of it upon plaintiff's lands. Year after year deposits washed from the hillsides above have settled in what was formerly Cane creek so as to fill it up completely in plaintiff's field north of the railroad right of way and across the right of way and south of it, until now it is doubtful as to whether even the vestige of a drain is afforded thereby from defendant's right of way to the south of it.

The suit proceeds under section 3150, Revised Statutes 1909, which, so far as relevant, is as follows:

"It shall be the duty of every corporation, company or person owning or operating any railroad or branch thereof in this State, and of any corporation, company or person constructing any railroad in this State, within three months after the completion of the same through any county in this State, to cause to be constructed and maintained suitable openings across and through the right of way and roadbed of such railroad, and suitable ditches and drains along each side of the roadbed of such railroad, to connect with ditches, drains or watercourses, so as to afford sufficient outlet to drain and carry off the water, including surface water, along such railroad whenever the draining of such water has been obstructed or rendered necessary by the construction of such railroad; . . ."

There is an abundance of evidence in the record tending to prove that the draining of the water from Cane creek, and, indeed, the surface water from the hills, was originally obstructed or rendered necessary by the construction of the railroad, but this the railroad provided for by means of its trestle constructed at the point where Cane creek passed through. In the course of time, Cane creek filled in by the deposits of soil and debris washed from the lands so as to obliterate it as a watercourse south of the railroad track and under the trestle, and north of the right of way in plaintiff's field, until it is said no drain whatever remains to carry the water from the right of way south. Both the plaintiff's petition in the instant case and the instructions given on his behalf proceed as though it is sufficient to enable him to recover against defendant if it failed to maintain an opening through and across its right of way so as to afford an outlet for the waters coming from Cane creek and the hills upon his land, even though no ditch, drain or watercourse exists adjacent to the railroad right of way and south of it, with which to connect such open-

ing across or through the right of way. Obviously this is an erroneous view of the statute, for though a drain or watercourse formerly existed, the statute imposes no obligation upon defendant to either construct or maintain an opening through and across its right of way for the passage of the water, unless it may be connected with a ditch, drain or watercourse on the south, to carry the water from plaintiff's land forward. If the drain of Cane creek which formerly obtained on a portion of plaintiff's fields and through the right of way and south of it on the lands of others has wholly disappeared, as the evidence tends to prove, through the process of nature alone, then defendant is not at fault with respect of that matter. Moreover, defendant may not enter upon the lands of others to the south of the railroad and construct a drain or ditch to carry the water which flows from the hills above. Neither may defendant open a crossing through its right of way for the water accumulated from the discharge of Cane creek in plaintiff's fields and the surface water, and discharge it upon the lands of an adjacent proprietor to the south, when no ditch, drain or watercourse to carry it is present, without becoming liable to respond in damages to the adjacent proprietor whose land is thus submerged. [See Byrne v. Keokuk & W. R. Co., 47 Mo. App. 383; Grant v. St. Louis, I. M. etc. R. Co., 149 Mo. App. 306, 130 S. W. 80.] The statute evidently recognizes this view, for it imposes the obligation upon defendant only "to cause to be constructed and maintained suitable openings across and through the right of way and roadbed of such railroad, and suitable ditches and drains along the roadbed of such railroad to connect with ditches, drains or watercourses, so as to afford sufficient outlet to drain and carry off the water including surface water." From this it appears that the Legislature enjoined upon the railroad company no more than the duty of constructing and maintaining suitable

openings across the right of way "to connect with ditches, drains or watercourses so as to afford a sufficient outlet to drain and carry off the water including surface water. Such has been the construction of the statute in several cases heretofore in judgment involving the duty to construct and maintain lateral ditches along the sides of the railroad. [See Pace v. St. Louis & Southwestern R. Co., 174 Mo. App. 227, 156 S. W. 746; Ranney v. St. Louis & S. F. R. Co., 137 Mo. App. 537, 119 S. W. 484.] Indeed, it is the universal rule of decision that, in suits under this statute, where the breach assigned is the failure to construct and maintain lateral ditches along the sides of the railroad, the petition must aver and the instructions require the jury to find, as a predicate of liability, that there is a ditch, drain or watercourse with which such lateral ditches may be connected so as to afford an outlet for the water. Obviously the same rule obtains here where the breach of the obligation declared upon is a failure to construct and maintain an opening through the railroad right of way and roadbed, for, in either case, a ditch, drain or watercourse with which to connect such opening and through which to carry off the waters accumulated because of the railroad embankment is essential. Both the petition and instructions on the part of plaintiff ignore this view of the statute entirely and authorize a recovery for him even though no ditch, drain or watercourse was present with which defendant could connect an opening through or across its roadbed and right of way, and in this prejudicial error appears, for unless some ditch, drain or watercourse available as an outlet was present adjacent to the right of way, the statute imposed no obligation on defendant to either construct. or maintain an opening thereat.

It is insisted the judgment should be reversed outright, for it is said the evidence altogether reveals that, though Cane creek formerly constituted a drain

south of the right of way, it is entirely obliterated as such and defendant should not be mulcted for a failure to construct or maintain an opening whereby water would be turned upon an adjacent proprietor, in the absence of any ditch, drain or waterway to receive it so as to render defendant liable to a suit at his hands. . But the evidence is not conclusive on this and we cannot declare as a matter of law that no duty rests upon defendant to construct or maintain an opening through its roadbed for the discharge of the waters coming from the hills in the remaining portion of Cane creek, and the surface water, too, for that matter. It is true the evidence for defendant tends to prove that all of the land south of the railroad is of the ordinary flat bottom land character and affords no ditch, drain or watercourse whatever in the sense of those terms. It is true, too, that plaintiff himself testified that no drain exists now opposite the trestle where Cane creek formerly flowed. The question propounded to and the answer of plaintiff concerning this are as follows: "Q. Don't you know that right opposite this trestle there is no ditch, drain or watercourse there at all to take the water off? A. There isn't just opposite the trestle." But another witness for plaintiff indicates that something of a drain remains there still. The question propounded to this witness and the answer given by him touching this matter are as follows: "Q. There is no ditch on the south side of that trestle, facing it?. A. There is very little." And still another witness for plaintiff indicates that something of a drain continues there to accommodate the water which might pass through under the trestle. The question and answer of this witness concerning this matter are as follows: "Q. You stated there was a ditch on the south part of the railroad that would carry off all of the water that could get through? A. Yes, sir." Of course, if a remnant of Cane creek remains so as to afford a drain, the obligation rests upon defendant

to maintain a drain through the trestle which it long ago constructed but from the wash in more recent years has filled in. The statute expressly requires that the opening through the right of way be "maintained" as well as to be "constructed" and obviously if the drain south of the right of way which formerly existed has been obliterated through the neglect of defendant to maintain an opening under the trestle, it should not be relieved of responsibility because the drain no longer continues. To relieve defendant in such circumstances would allow it to benefit by its own wrongful act, which may not be permitted. The question as to whether there remains a drain south of the railroad and adjacent to the right of way connecting with the opening therein at the trestle and as to whether or not defendant is responsible for permitting it to become obliterated should be submitted to the jury by instructions.

The judgment should be reversed and the cause remanded to be proceeded with in accordance with the views above expressed. Plaintiff may amend his petition if so advised. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.