INHABITANTS OF TOWN OF MILO *vs.* MILO WATER COMPANY.

Piscataquis.        Opinion December 18, 1930.

*Hiram Gerrish,*
*C. W. & H. M. Hayes,*
*Ryder & Simpson,* for plaintiff.
*McLean, Fogg & Southard,*
*J. S. Williams,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

FARRINGTON, J.   Action of debt for taxes for the year 1928. No question is raised as to the validity of the assessment. The defendant Company pleaded the general issue with brief statement.

At the conclusion of the evidence produced at the trial the presiding Justice, on motion therefor, directed a verdict for the plaintiff town in the sum of $5,156.93. The case comes to this court on an exception to the direction of the verdict and on other exceptions.

The action was brought under the provisions of Sec. 64 of Chap. 11, R. S. (1916), which is as follows: "In addition to other provisions for the collection of taxes legally assessed, the mayor and treasurer of any city, the selectmen of any town, and the assessors of any plantation to which a tax is due, may in writing direct an action of debt to be commenced in the name of such city or of the inhabitants of such town or plantation, against the party liable; . . ."

The declaration in the case before us alleges, in part, that "the plaintiff further avers that on the third day of August, A.D. 1929, at said Milo, the Selectmen of the said town of Milo *directed* an action to be commenced, in the name of the inhabitants of said town of Milo against the said defendant for the recovery of said taxes."

There is no averment that the direction by the selectmen was "in writing" as required by the statute.

"Such written direction being necessary to the maintenance of

the action, it must be alleged in the writ. It is a traversable fact, and is put in issue under the plea of the general issue." *Inhabitants of Wellington* v. *Small*, 89 Me., 154, at page 156.

No amendment was offered or suggested and whether an amendment could have been allowed need not be considered at this time.

The collector had no legal right to bring suit to collect the taxes in the name of the inhabitants of the town unless and until the selectmen in writing directed such action of debt to be so commenced. But the writ in the case at bar contains no allegation of written direction, an allegation essential to the stating of a cause of action.

"A cause of action is therefore neither the circumstances that occasioned the suit, nor the remedy employed, but a legal right of action. The adjectives good and bad cannot, strictly speaking, be applied to it. 'If a person have a legal right to sue, he has a good (that is legally sufficient) cause of action. If he have no legal right to sue, he has not merely a bad cause of action, but no cause, so that good cause of action can never mean more than cause of action.' " *Anderson, Admx.* v. *Wetter*, 103 Me., 257, at page 266.

If one has a cause of action and in his writ fails to state it, he has no better standing in court than as if he had in fact no cause of action whatever.

And where no cause of action is stated, such a defect is not, in any case, cured by the verdict. *Farrington* v. *Blish et als*, 14 Me., 423, 426; *Low* v. *Tilton*, 19 N. H., 271, 272, citing *Walpole* v. *Marlow*, 2 N. H., 385; *Daly, Admr.* v. *The City and Town of New Haven*, 69 Conn., 644; *Hollis et al* v. *Richardson*, 13 Gray, 392, 393; *Kennedy Lumber Co.* v. *Rickborn et al*, 40 Fed. (2d), 228, 231; *Chichester* v. *Vass* (Va.), 1 Am. Dec. at page 511.

In distinguishing between defective causes of action, which are not causes of action at all (*Anderson* v. *Wetter*, supra), and causes of action defectively stated, the Court in *Walpole* v. *Marlow*, supra, expresses it in plain and simple language when it says, "The true distinction between a defective title, and a title defectively stated, is this: when any particular fact is essential to the validity of the plaintiff's title, if such fact is neither expressly stated, in the declaration, nor necessarily implied from those facts which are stated,

the title must be considered as defective, and judgment must be arrested; but if such fact, although not expressly stated, be necessarily implied from what is stated, the title must be considered only as defectively stated, and the defect is cured by a verdict."

In the instant case it can not be contended that the direction to bring suit was by implication a direction in writing. The omission of the averment that such direction was in writing is in our opinion a fatal defect in the declaration.

Failure to demur does not waive the defense that the facts stated do not state a cause of action. *Nakdimen* v. *First National Bank of Fort Smith et al* (Ark.), 6 S. W. (2d), 505; *Goff et al* v. *First National Bank of Tifton* (Ga.), 153 S. E., 767; *Williams* v. *St. Louis-San Francisco Ry. Co.*, 7 S. W. (2d), 392.

As a matter of law, under the decision in *Wellington* v. *Small*, supra, the declaration in the instant case did not state a cause of action. The presiding Justice by ordering a verdict for the plaintiff town ruled as a matter of law that a cause of action was stated. Exception, which always lies to rulings on questions of law, was seasonably taken to the order directing the verdict and the exception must be sustained. It was error to have directed a verdict for the plaintiff on a writ which failed to state a cause of action.

The case at bar can be distinguished from the case of *Inhabitants of Charleston* v. *Lawry*, 89 Me., 582, because in the latter case a written direction signed by the selectmen was introduced in evidence without objection, whereas in the instant case such written direction was admitted over objection and exceptions were taken to its admission. We do not regard the case of *Inhabitants of Charleston* v. *Lawry* as authority for the proposition that mere failure to demur is a waiver of the defense that certain alleged facts do not state a cause of action. Nor do we regard it as making, or intended to make, an unqualified statement that a verdict may be directed for a plaintiff on a writ which fails to state a cause of action.

It is not necessary to consider any exceptions other than that relating to the direction of the verdict for the plaintiff which has already been discussed, inasmuch as the entry as to that must be,

*Exception sustained.*