## BARTSON et al. v. MINGO DRAINAGE DIST. et al.

(Circuit Court of Appeals, Eighth Circuit.   October 2, 1922.)

No. 5726.

Courts ⟨key⟩262(3)—Federal court of equity held without jurisdiction to prevent multiplicity of suits.

> Under Judicial Code, § 267 (Comp. St. § 1244), a federal court of equity *held* without jurisdiction, on the ground of preventing a multiplicity of suits, of a suit by a contractor for drainage work, which had abandoned its contract, to enjoin threatened actions by the drainage district, by the surety on its contract on an indemnity bond and by various persons on claims for work and materials, and to require all defendants to litigate their claims in such suit, each of such parties having a plain remedy at law, and being entitled to pursue the same under Const. Amend. 7, and there being no identity of issues to warrant taking jurisdiction.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Suit in equity by Charles F. Bartson and others, partners as Bartson & Millard, and others, against the Mingo Drainage District and others. From a decree dismissing the bill, complainants appeal. Affirmed.

For opinion below, see 264 Fed. 224.

Robert Burett Oliver, Jr., of Cape Girardeau, Mo., for appellants.
A. T. Welborn, of Bloomfield, Mo., and W. T. Rutherford, of St. Louis, Mo. (Wammack & Welborn, of Bloomfield, Mo., and B. H. Charles, of St. Louis, Mo., on the brief), for appellees.

Before CARLAND, Circuit Judge, and LEWIS and COTTERAL, District Judges.

COTTERAL, District Judge.   This is an appeal from a decree dismissing a bill filed by the appellants, two partnerships, against the Mingo drainage district, with which they contracted to excavate ditches and build levees, various persons and companies holding claims for material and services rendered to the plaintiffs in that work, and the New Amsterdam Casualty Company, the surety on appellants' bond as contractors.

It is alleged in the bill that the plaintiffs entered into the contract and gave a bond to the district in the sum of $109,000, with the casualty company as surety for the performance of the contract, in which bond the contract was adopted by reference, and in turn indemnified that company by their bond in the like sum as a protection against their acts or default, or on account of claims upon the bond of the company; that plaintiffs entered upon the work and made large expendi-

tures thereon, but on account of adverse conditions were unable to continue, wherefore the district declared the contract forfeited, retaining a percentage of the estimates of amounts due appellants under the contract; that many of the materialmen and a few of the laborers threaten to sue the plaintiffs and the casualty company upon their claims; that the casualty company has informed plaintiffs of suits threatened by the district and others, and that it denies liability on the bond, and demands that it be held harmless from the suits of the district and materialmen and laborers, and that plaintiffs secure payment of all judgments to be rendered against it, and otherwise threatens legal action against them; that the casualty company is not liable to defendants or others for material, and that the plaintiffs have a common defense with the company against their creditors, including the defendants; that the forfeiture of the contract released the plaintiffs from liability to the district except for the percentage of estimates it has retained; that plaintiffs and the company are threatened with many suits at law growing out of the bond, which they must defend in behalf of themselves and the company, and they must otherwise save the company harmless; that the liability of the plaintiffs and the company to the district and their many creditors by reason of the contract and bond can be determined in this action, and thereby a multiplicity of threatened suits, will be prevented, which suits will necessitate heavy costs, counsel fees, and loss of time, and result in irreparable injury, unless the court assumes jurisdiction and determines in one action the rights of all defendants and the liability of the plaintiffs and company; and that the plaintiffs have no adequate remedy at law. The prayer is for a restraining order with citations to the defendants, and a temporary and final injunction against the institution of the suits, and for other just relief.

A temporary restraining order with citation to a hearing for a temporary injunction was issued. Some of the defendants appeared, and others made default or were not served. The drainage district appeared and moved to dismiss the bill for want of equity. Some of the defendants answered, opposing the injunction and still others intervened, praying decrees for their claims.

Upon the motion to dismiss, the question was raised whether the bill could be maintained on the ground that relief was justified in order to avoid a multiplicity of suits. The District Judge, in an exhaustive opinion, discussed the question, cited and quoted from decided cases, and concluded that the bill was without equity and contained insufficient jurisdictional facts; and it was accordingly dismissed.

Counsel for appellants submit in their brief this statement of the case and the grounds for the assumption of jurisdiction in equity:

"This is a suit to enjoin the defendants from instituting suits against the complainants and one of the defendants, the New Amsterdam Casualty Company, and to require all of the defendants who have claims against either the complainants or the New Amsterdam Casualty Company to determine their validity in this proceeding and thereby avoid a multiplicity of suits."

"The threatened suits in this case, which constitute the multiplicity of suits alleged, are the 35 or more suits by subcontractors, materialmen, furnishers of labor and others. In each of these threatened actions at law against appellants and New Amsterdam Casualty Company the preliminary question as

to liability vel non under the bond must be determined at the outset. The plaintiff alleges a common defense to each and every one of these suits, and this allegation of fact must be taken as admitted.

"The Mingo drainage district and the New Amsterdam Casualty Company are joined as defendants for the purpose of winding up the whole matter in one suit, for equity, having jurisdiction to prevent multiplicity of the suits threatened by the materialmen and other subcontractors, will retain that jurisdiction to settle the whole matter in one proceeding, and bind all parties, including the Mingo drainage district and the New Amsterdam Casualty Company, in a final decree."

The bill denies liability to the drainage district beyond the percentage retained of estimates in appellants' favor. But we may assume, as contended, that the district will sue to recover damages for the non-fulfillment of the contract, most likely on the contractors' bond possibly against the appellants alone. The creditors holding demands for material and labor also have remedies and may sue the appellants alone, or they may sue upon the said bond, as the contract, which is made a part of it by reference, requires appellants to furnish a release of the obligations growing out of the contract, and a statute of Missouri (section 1247, Rev. St. 1909, as amended Laws 1911, p. 106) requires boards and officials to take bonds conditioned to pay such demands. Still another anticipated action may be brought by the casualty company for reimbursement on the indemnity bond given by appellants. Assuming that these actions are impending, do they suffice to render the case one of equity cognizance?

The doctrine that equity will entertain a single action to avoid many, whether brought at law or in equity, of course, is well settled. A reference to the texts of writers and the decided cases discloses that a mere number of actions will not suffice, and that under various circumstances this remedy in equity has been allowed and denied, as it has been developed since its origin. 8 Ency. U. S. Rep. 539; 1 Pomeroy Eq. Jur. (2d Ed.) p. 218, 21 C. J. 72. No exact formula has been prescribed for all cases, and the decisions are not entirely harmonious upon the same given circumstances.

It is to be said at the outset that a general guide is found in section 267, Jud. Code (Comp. St. § 1244), which provides that—

"Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law."

And, unless it appears that such remedy is not available, the present bill cannot be sustained.

The actions sought to be avoided will be the usual and natural result of an unperformed contract for public work entered upon and abandoned, where the contractors have furnished a bond and in turn have indemnified their surety, and are in default of payment of indebtedness incurred in the partial execution of the contract. No complications are set out that do not ordinarily arise in such cases. The actions to be brought will be simply for the purpose of enforcing at law the rights of the several parties in interest who are primarily entitled to their remedies, under the Seventh Amendment to the federal Constitution. Thomas v. Council Bluffs Canning Co., 92 Fed. 422, 34

C. C. A. 428. We are persuaded, apart from authority, that they will be sufficient, in view of the facts pleaded, and that the aid of equity to adjust and settle the matters charged in the bill is quite unnecessary and unwarranted.

However, the objection to the bill for want of equity in the present case is well sustained by controlling authority. And it will suffice to refer to Hale v. Allinson, 188 U. S. 56, 23 Sup. Ct. 244, 47 L. Ed. 380, where a suit was brought in equity by a receiver to enforce the liability of stockholders in a foreign corporation. Substantially the same ground of jurisdiction urged by the appellants was considered in that case.

It was said by the court that each case, in the absence of precedent, must "be decided upon its own merits and upon a survey of the real and substantial convenience of all parties, the adequacy of the legal remedy, the situations of the different parties, the points to be contested and the result which would follow if jurisdiction should be assumed or denied. * * *" The test applied was whether r was a community of interest among the parties in the question and fact involved. The opinion of the District Court was approved wherein it appeared that there were questions whether the stockholders were ever liable and their liability had ceased, and their defenses might be different, resulting in a "congeries of suits with little relation to each other, except that there is a common plaintiff, who has similar claims against many persons."

We think the decision applicable here, and that the appellants are asking the privilege of combined litigation in one suit held not authorized in that case. While there is a common question as to the liability of the casualty company on the bond, the other subjects of controversy are dissimilar. The drainage district will likely seek to enforce a claim of damages for breach of the contract. The materialmen and laborers and other possible creditors will ask recovery of their demands which may differ widely from each other and from the claim of the district, and may, if litigated, depend upon separate proofs and be ruled by different principles. Again, a suit by the casualty company for reimbursement on the indemnifying bond of appellants will, if defended, involve another and resulting controversy, in which only the appellants and the company will be concerned. It seems to us quite obvious that a single hearing of all of these matters would be attended with such a variety of unrelated issues as to seriously inconvenience the parties interested and involve them in unnecessary costs and delay, and serve no purpose other than to enable the appellants to engage in a series of controversies brought together in one action, not authorized by principle or authority.

Our conclusion is that the appellants have plain, adequate, and complete remedies at law for such protection as is due them in the controversies likely to arise, that the other parties should be free to pursue their several remedies at law, and that the appellants are not entitled to invoke the aid of equity upon the grounds set forth in their bill.

For these reasons, the decree of the District Court should be, and it is, affirmed.