CONNECTICUT INDEMNITY CO. OF NEW HAVEN, CONNECTICUT v. OLIVER et al.

No. 13772.

United States Court of Appeals Eighth Circuit.

Jan. 11, 1949.

R. P. Rogers, Jr., of Kansas City, Mo. (Henry W. Buck, and Morrison, Nugent, Berger, Hecker & Buck, all of Kansas City, Mo., on the brief), for appellant.

William B. Teasdale, of Kansas City, Mo. (James P. Aylward and George V. Aylward, both of Kansas City, Mo., on the brief), for appellees, Donna Lee Oliver, Everett C. Oliver and Cora L. Oliver.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

COLLET, Circuit Judge.

From an order of the District Court made on its own motion dismissing plaintiff's petition for declaratory judgment for want of diversity of citizenship and thereafter refusing to permit appellant to file an amended petition eliminating one de-'fendant and thereby creating diversity of citizenship but alleging the pendency of an action in the state courts in which the question sought to be determined in the declaratory judgment suit could be adjudicated, this appeal is prosecuted.

The Connecticut Indemnity Company of New Haven, Connecticut [Connecticut], is a Connecticut corporation. It is engaged in the business of writing automobile indemnity insurance. The Security Insurance Company [Security], also a Connecticut corporation, engages in the business of writing other types of insurance. Security uses automobiles in the prosecution of its business in Missouri. It obtained from Connecticut a policy indemnifying it in the payment of any sums which it might become obligated to pay on account of injuries or damages caused by accident and arising out of the ownership, maintenance or use of the automobiles covered in the policy. The contract of insurance further provided it was to cover as an "insured" not only Security but also any person while using the automobile covered by the policy and any other person or organization legally responsible for the use of the automobile if and when the actual use of the automobile was with the permission of the named insured. Security was the named insured. Mr. Joseph C. Hupp was the state agent for Security in Missouri. His son, Thomas William Hupp, was driving an automobile owned by Security and described in the policy on the 18th of August, 1946, when it was involved in an accident on a public highway near Kansas City, Missouri.

As a result of that accident, Donna Lee Oliver, a minor, brought an action by her father, Everett C. Oliver, acting as her next friend, in the Circuit Court of Jackson County, Missouri, on June 14, 1947, against Thomas William Hupp, Joseph C. Hupp, and Security, in which damages were sought for personal injuries arising out of the automobile accident. Two days later, on June 16, 1947, Connecticut filed this action in the United States District Court. In the original petition herein no reference was made to the previous filing of the damage suit in the state court. In the original petition in this cause Donna Lee Oliver; Everett C. Oliver, her father and next friend in the state court proceeding; her mother, Cora L. Oliver; Thomas William Hupp; Joseph C. Hupp, and the Security Insurance Company were all made defendants.

It was alleged that the policy had been issued as above stated, that an accident had occurred, that Thomas William Hupp was not operating the automobile with the permission or knowledge of Security at the time of the accident but in fact was operating it without permission of and in violation of the specific instructions of his father, Joseph C. Hupp; that Connecticut could not be made a party to any proceedings brought in the state court by or on behalf of Donna Lee Oliver against Thomas William Hupp, Joseph C. Hupp and Security or any of them and that it would therefore be without any opportunity to assert its defense based upon the absence of coverage in any action or actions which might be brought and that it could not assume the defense of any such action with-

out prejudicing its rights under the policy by way of waiver or otherwise, or without causing considerable expense in connection therewith, and that, by refusing to defend any such action without a previous declaration of its rights under the policy, Connecticut would lose the protection of conducting the defense of such an action, as provided by its policy.

It was further alleged that by reason of the foregoing situation Connecticut would suffer irreparable damage in the event Donna Lee Oliver, Everett C. Oliver, Cora L. Oliver, or any of them, should file an action against Thomas William Hupp, Joseph C. Hupp and Security, or any of them, without Connecticut being afforded an opportunity to obtain a declaration of its rights under the insurance policy. Upon that premise, Connecticut prayed for a declaratory decree by the District Court that the policy did not furnish coverage to or for the benefit of Thomas William Hupp or Joseph C. Hupp or either of them with respect to any claim which might be made by Donna Lee Oliver or in her behalf; a declaration that Connecticut was not obligated to defend any action which might be brought by or on behalf of Donna Lee Oliver against Thomas William Hupp or Joseph C. Hupp; that a further declaration be made that Connecticut was not obligated to indemnify Thomas William Hupp or Joseph C. Hupp for or on account of any judgment which might be entered against either of them on account of the accident in question.

A motion to dismiss Connecticut's petition for a declaratory judgment was filed on behalf of Donna Lee Oliver, Everett C. Oliver, and Cora L. Oliver, alleging among other grounds that the court was without any jurisdiction to entertain the action and alleging the pendency of the damage suit in the state court. That motion to dismiss was overruled, the Court stating that the petition did not allege facts from which it sufficiently appeared that there was any existing action pending in which the question presented by the petition could be presently decided, and that on the face of the petition coverage under the policy appeared to be in dispute. The trial court stated that under those circum-

stances it would be an abuse of its discretion for it to refuse to assume jurisdiction of the action. After a separate answer was filed by the individual defendants the trial court, pursuant to its statutory duty to take cognizance of any apparent lack of its jurisdiction, took up the question of the diversity of citizenship as disclosed in the petition and in a memorandum pointed out that Connecticut, the plaintiff, and Security, the defendant, were both residents of the same state and ordered the dismissal of the cause for want of the requisite diversity of citizenship.

Within five days thereafter Connecticut filed a motion for leave to file an amended petition and, in accordance with the approved practice in that jurisdiction, accompanied that motion with a copy of the amended petition which it proposed to file. That amended petition eliminated Security as a defendant. But it did more. It alleged the pendency of the damage suit in the state court against the individual defendants and Security.

The trial court on the 23rd day of April, 1948, filed a memorandum opinion overruling Connecticut's motion for leave to file the amended petition upon the ground that since there was no controversy between Connecticut and Security; since Connecticut admitted that it was bound to defend the state court action against Security; since the dominant issue sought to be determined in the declaratory judgment, to wit, the question of the agency of Thomas William Hupp for Security and his father, Joseph C. Hupp, would be one of the issues to be determined in the state court action; and since the determination of that issue would unquestionably involve consideration of the question of "consent" given to Thomas William Hupp to drive the automobile involved in the accident, it, the trial court, should not exercise its jurisdiction in the declaratory judgment action and, as heretofore stated, overruled the motion for permission to file the amended petition. Connecticut then appealed from the order of March 17, 1948, dismissing the complaint.

On this appeal Connecticut contends that the trial court (1) should not have dismissed the original petition for lack of

diversity of citizenship but should have realigned the parties according to their evident interest and, doing so, should have placed Security in the category of a plaintiff with Connecticut, thus bringing about an adequate diversity of citizenship, and (2) that the trial court erred in not permitting the plaintiff to file the amended petition because (a) Security was not a necessary party since Connecticut did not deny coverage or seek relief with respect to it and (b) Connecticut should have been permitted to eliminate Security as a defendant by amendment.

Much of the force of Connecticut's brief is spent in advancing the proposition that the trial court should have realigned the parties and not ordered the dismissal of the action. That contention begs the real question. While it is true that the trial court entered the formal order of dismissal upon the ground that requisite diversity did not appear, it is clearly apparent from the memoranda filed by that Court that its subsequent action in not permitting Connecticut to file the amended petition was predicated, not upon a want of jurisdiction, but upon the exercise of the trial court's discretion not to exercise its jurisdiction in the light of the pendency of the state court proceedings. It could serve no good or useful purpose for the trial court to realign the parties or to have permitted the filing of the amended petition if the pendency of the state court proceeding justified the dismissal of this action. Hence the real question is whether the trial court abused its discretion in refusing to exercise its jurisdiction in this, the declaratory judgment action, because of the pendency of the damage suit in the state court.

It will be observed from what has heretofore been stated that Security is one of the defendants in the damage suit pending in the state court. Security's state agent, Joseph C. Hupp, is another defendant in that action. In Connecticut's argument in support of its contention that the trial court should have realigned the parties, it positively asserts that there is no controversy between it and Security or any one covered by the policy concerning the question of whether it should defend an action brought against such parties, regardless of whether the action is meritorious or not. Hence Connecticut must defend Security in the state court action according to its own statement. In that action the question of whether Thomas William Hupp was the agent of Security or was acting with the consent or direction of Security's state agent, Joseph C. Hupp, will inevitably be a determinative issue in the ascertainment in the state court of the question which must there be decided, to wit, whether Donna Lee Oliver is entitled to a judgment against Security or Joseph C. Hupp. When that question is determined, the answer to the question propounded by the petition for the declaratory judgment will be answered. The trial court had the discretionary power to determine whether the determinative material question which Connecticut seeks to have adjudicated in this action should more properly be determined in the state court. Brillhart v. Excess Insurance Company, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Atlas Life Ins. Co. v. W. I. Southern, Inc., 306 U.S. 563, 59 S.Ct. 657, 83 L.Ed. 987; Maryland Casualty Company v. Boyle Construction Company, 4 Cir., 1941, 123 F.2d 558; Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 1937, 92 F.2d 321; Thompson v. Moore, 8 Cir., 1940, 109 F.2d 372; Indemnity Insurance Company of North America v. Schriefer, 4 Cir., 1944, 142 F.2d 851.

It does not appear that there was an abuse of that discretion. The order and judgment of the trial court is therefore affirmed.