ATCHISON, T. & S. F. RY. CO. v. ROSS et al.

No. 6082.

United States District Court W. D. Missouri, W. D.

Feb. 6, 1950.

Donald H. Sharp, Lathrop, Crane, Sawyer, Woodson & Righter, Kansas City, Mo., for plaintiff.

Robert E. Coleberd, Liberty, Mo., for defendants.

RIDGE, District Judge.

Plaintiff brings this declaratory judgment action alleging that it is threatened with a multiplicity of suits on identical claims, involving the same issues and same evidence, except in respect of the amount of damages claimed by the separate defend-

ants. Defendants are farmers, owning land in Ray County, Missouri, located adjacent to plaintiff's railroad right-of-way. Defendants Ross and Dugan, owners of one such tract of land, have filed three separate actions against plaintiff in a court of the State of Missouri, claiming damages to crops by reason of surface and overflow water being held upon their land in the years 1945, 1946 and 1948, because of the construction and maintenance of a bridge and embankment constituting a part of plaintiff's right-of-way in violation of Section 5222, R.S.Mo.1939, Mo.R.S.A. The defendants Remley are the owners of an adjacent tract of land to that of Ross and Dugan, and have instituted three similar suits now pending in the same court, claiming damages for crops destroyed, because of surface, or overflow water being held upon their lands in the same years, of which the defendants Ross and Dugan complain.

The only pretense to vest jurisdiction in this Court, over the instant declaratory judgment action, is that of multiplicity of suits and hardship and expense incident to the defense of the same. Diversity of citizenship between the parties is here present. Only the accumulated sum involved in the multiple suits in question, is within the jurisdiction of this Court. Assuming, without laboring the point, that plaintiff may aggregate the claims for damages so made against it, and we, therefore, have jurisdiction, First State Bank v. Chicago, R. I. & P. R. Co., 8 Cir., 63 F.2d 585, 90 A.L.R. 544, the question arises whether, in sound judicial discretion, this is a declaratory judgment action, over which this Court should assume jurisdiction, and make a declaration of rights as prayed. Under the Declaratory Judgments Act, 28 U.S.C.A. §§ 2201, 2202, the federal courts have a certain amount of discretion in that respect. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620. In the exercise of the discretion thus entrusted to such courts, it should be exercised cautiously, and with due regard to the circumstances of each case. Generally, the courts refuse to grant declaratory judgments unless it appears that

454

such a judgment will fulfill the purpose of the Declaratory Judgments Act by being of some practical help in ending a controversy or stabilizing disputed legal relations. 16 Am.Jur., p. 288. In considering whether the Court should, in sound judicial discretion, assume jurisdiction of such actions, a federal court may well consider whether another court in which proceedings are already pending could handle the matter more expeditiously and appropriately and whether the action so instituted in the federal court is nothing more than an attempt to bring into federal court a non-removable cause that should be determined by a state tribunal. Brillhart v. Excess Ins. Co. of America, supra; Meeker v. Baxter, 2 Cir., 83 F.2d 183; Maryland Casualty Co. v. Boyle Const. Co., 4 Cir., 123 F.2d 558; Connecticut Indemnity Co. v. Oliver, 8 Cir., 172 F.2d 68.

In the case at bar, the complaint reveals that the amount of crop damage claimed by defendants in each of the years involved is less than the requisite jurisdictional amount of this Court; and, that the damages claimed by defendants Ross and Dugan are wholly separate from those claimed by the defendants Remley. The gravamen of the declaratory relief plaintiff seeks is that it is not liable in damages to defendants, or any of them, for damages sustained by reason of surface and overflow water being accumulated and held on the defendants' lands in the years in question; first, because plaintiff has complied with the statutes of the State of Missouri, and particularly Section 5222, supra; second, that plaintiff's railroad embankment does not obstruct and retard the flow of surface water over said defendants' lands; and, third, because damages, if any, claimed by defendants were caused by circumstances not under plaintiff's control, but the result of acts committed by third persons, not parties to this, or the state court actions. Thus, this is an instance where one group of the defendants has three statutory causes of action pending against plaintiff in a state court of Missouri, arising from a single source, and another group has three like actions so pending. The statute of the State of Missouri under which said actions

have been brought is penal in character. Chicago & A. R. Co. v. Tranbarger, 238 U.S. 67, 35 S.Ct. 678, 59 L.Ed. 204. The legislative purpose of such law is to require a railroad company, operating in the State of Missouri, to so construct and maintain its road and drain it as to prevent injury to adjoining land. Grant v. St. Louis, I. M. & S. R. Co., 149 Mo.App. 306, 130 S.W. 80. Trial of such action in the state court may be had before a jury and the amount of damages to be awarded is the value of the growing crops at the time of destruction, Brown v. Thompson, Mo. App., 108 S.W.2d 423, or the reasonable rental value of land withheld from crop production because of deprivation of use of the land flooded. Boggs v. Missouri-Kansas-Texas R. Co., 336 Mo. 528, 80 S.W. 2d 141.

From the allegations of the instant complaint, it is apparent that the factual issues to be adjudicated in the state court actions, and in this action, determinative of the question of damages claimed by defendants here, for crop damage, is the nature and character of the construction and maintenance of the bridge and embankment forming a part of plaintiff's right-of-way, and whether plaintiff has constructed sufficient lateral ditches alongside its railroad tracks and so maintains them as to carry off accumulating surface water as is required by the provisions of Section 5222, supra. Thus, it is seen that the matter to be adjudicated, in this, as well as said state court actions, determinative of plaintiff's claimed liability, is first one of "status", relating to the physical condition and character of construction of plaintiff's roadbed during the three years in question. It is that "status" and situation that plaintiff here seeks to have determined in this declaratory judgment action, and whether it has violated a statute of the State of Missouri, as a result thereof. (Yearly maintenance could be an issue in the state court actions, but that is not directly put in issue by the allegations of the instant complaint.) Such matters appearing on the face of the instant complaint, the query arises, will not the determination of the "status" or situation, here put in issue, by a trial in any one

of the state court actions considered, be binding, under the doctrine of *res judicata*, as between the plaintiff and the particular defendants parties to such actions? If that be so, then, is there present in this instant action such a multiplicity of suits involved, as to which this Court should assume to take jurisdiction over?

■ In the application of the doctrine of *res judicata*, it is generally held that if the same facts or evidence relied on as a ground of recovery, are once put in issue between the same parties, or their privies, and are adjudicated by a court of competent jurisdiction, the determination of such issue is conclusive as to such parties in that, or any subsequent action between them, on which the same facts or evidence are again relied on as a ground of recovery. Southern Pacific R. Co. v. U. S., 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355; Pick Mfg. Co. v. General Motors Corp., 7 Cir., 80 F.2d 639; B. Roth Tool Co. v. Champ Spring Co., 146 Mo.App. 1, 123 S.W. 513; State ex rel. Lane v. Corneli, 351 Mo. 1, 171 S.W.2d 687; Chamberlain v. Missouri-Arkansas Coach Lines, 354 Mo. 461, 189 S.W.2d 538, 161 A.L.R. 204; Odom v. Langston, 356 Mo. 1140, 205 S.W.2d 518; and cf. Commissioner Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898. In light of that doctrine, if, as plaintiff here contends, the same issues and the same evidence, except in respect to the amount of damages claimed, are involved in each of the three state court actions defendants Ross and Dugan have instituted against plaintiff, and such issues and evidence are the whole premise of plaintiff's liability to said defendants, will not an adjudication and determination thereof by the state court, in any one of the actions pending before it, be conclusive and binding on said parties (plaintiff and defendants Ross and Dugan) with respect to any other claim of liability for damages premised on such identical issues and evidence? We think they will be so concluded under Missouri law. The same situation exists as between plaintiff and the defendants Remley, in the three actions those defendants now have pending against plaintiff. As a consequence thereof, at the trial of the multiple state court actions here considered, plaintiff will only be confronted with the issue of "status or condition" it here seeks to have adjudicated, in two of such state court trials. One, at a trial between plaintiff and defendants Ross and Dugan, and the other time, at a trial involving damage to the crops of the defendants Remley. After one trial of such issue in respect to the separate claims of defendants Ross and Dugan, or defendants Remley, plaintiff only needs to establish in any subsequent action tried between it and either of said parties, that the scope, content and form of such issue is the same, and has been previously adjudicated between said parties, to be freed from having such issue relitigated as between it and either of the parties defendant in this case. Goedecke v. Gralnick, 354 Mo. 478, 190 S.W. 2d 218. As a consequence, we do not believe that a multiplicity of actions is here involved, over which this federal court should assume jurisdiction in this declaratory judgment action.

■ Considering the instant action, in light of the aforestated doctrine of *res judicata*, and the gravamen of the declaration of rights sought, the multiplicity of suits here considered, actually boiled down to two in number, and those by parties asserting separate claims against the plaintiff arising from an alleged violation of a statute of the State of Missouri. (There are six claims for crop damage pending against plaintiff in the state court, but it will only be subjected to an adjudication of its liability for such damages in two of said cases, under its theory.) As a general rule, jurisdiction of a federal court, in a declaratory judgment action to avoid multiplicity of suits at law, should be restricted to cases where there is some real necessity for the exercise of such jurisdiction. The rule applied for determination by a court of equity whether to assume jurisdiction on the ground of preventing a multiplicity of suits, is particularly applicable to declaratory judgment actions. In equity, the simple fact that a multiplicity of actions will be avoided between the same parties is not generally ground for an assumption of jurisdiction by a chancery court. There

must be in the situation something more than a mere number of suits between such parties. The reason therefor is, that even though a complainant may be subjected to a multitude of separate suits, if the judgment in one such case would be conclusive in the others, there is no cause for equity to assume jurisdiction thereover. Cf. Matthews v. Rodgers, 284 U.S. 521, 529, 52 S.Ct. 217, 76 L.Ed. 447; Investors' Guaranty Corp. v. Luikart, 8 Cir., 5 F.2d 793; New York Life Ins. Co. v. Marshall, 5 Cir., 23 F.2d 225. "Multiplicity of suits does not mean multitude of suits." City of Albany v. Spragins, 214 Ala. 449, 108 So. 32, 34. To sustain jurisdiction in equity to avoid multiplicity of suits, it should be made to appear that there is no adequate remedy at law, practical and efficient to attain the ends of justice as the suit in equity instituted for that purpose would accomplish, and that the convenience of the parties, both plaintiff and defendants, will be best served by a single suit in equity, and that questions of fact, and of law, are involved that are common to all of the defendants. Leavenworth Savings & Trust Co. v. Newman, 8 Cir., 23 F.2d 835.

 In the case at bar, there appears to be a common question of fact and law that is involved in the actions instituted by the separate groups of defendants against the plaintiff in the state court, in that each such action allegedly stems from the same source. That fact standing alone, under the circumstances of the instant action, does not seem sufficient for this Court to assume jurisdiction over such actions. Barston v. Mingo Drainage District, D.C. Mo., 264 F. 224, affirmed, 8 Cir., 284 F. 52. This for the reason that said actions are instituted pursuant to a penal statute of the State of Missouri. No equitable issues are there involved. The common, and perhaps the decisive, point in litigation in said actions is a question of fact regarding the "status", construction and condition of plaintiff's right-of-way allegedly maintained in violation of a statute, a factual matter which can be better determined by the aid of a jury, than by a Court without a jury. The remedy at law for the determination of such issues is, if plaintiff's theory of its

liability is correct, adequate, practical and efficient and will be conclusively determined, as between plaintiff and a particular group of defendants here, in a single trial of that issue in the state court. The separate groups of defendants in this action have no interest in the amount of recovery of their co-defendants and the trial of the issue of damages here involved, are such as would best be determined with the aid of a jury. These are factors appearing in the instant case, which, when considered with the fact that the amount involved in each of the state court actions is below the requisite jurisdictional amount of this Court, compel us to refrain from assuming jurisdiction of this instant declaratory judgment action. Notwithstanding the authority of this Court to assume jurisdiction of the instant action, petitioner is only entitled to resort to this Court, by way of declaratory judgment, when the relief prayed in such action is of the type and character as petitioner would be entitled to have determined in the sound judicial discretion of the Court. The fact that a penal statute is involved in this litigation is sufficient for this Court, in the exercise of sound judicial discretion, to refuse to assume jurisdiction thereof. Douglas v. Jeannette, 319 U.S. 157, 162, 63 S.Ct. 877, 87 L.Ed. 1324, for to act otherwise this Court will be compelled to interfere by way of injunction with the prosecution of an action in the state court over which that court is given jurisdiction by a statute of its forum. "Courts of equity in the exercise of their discretionary powers should conform to (a) policy (of) refusing to interfere with or embarrass threatened proceedings in state courts save in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent." Douglas v. Jeannette, supra, 319 U.S. at page 163, 63 S.Ct. at page 881. This is not such a case. There is a continuing duty for plaintiff here to comply with the statute of the State of Missouri under which the multiple actions now pending in the state court have been brought. A declaration of rights in this action could not and will not relieve plaintiff of that duty. That it "will be put to

the hardship and expense of defending" six state court actions, standing alone, is not of sufficient consequence so as to lead this Court to assume jurisdiction of this cause. Such matter is only a factor to be taken into consideration with any other equitable features appearing in the case. There are no such, other equitable features, existing.

Therefore, defendants' motion to dismiss is by the Court sustained.