**WESTCHESTER FIRE INSURANCE CO.,**
**A New York Corporation, Plaintiff,**

v.

**William J. LARSON, Leo E. Browne,**
**Anne C. Browne, Belva Lewis and**
**Max Lewis, Defendants.**

**No. 4-61-Civ-177.**

United States District Court
D. Minnesota,
Fourth Division.

Nov. 22, 1961.

Meagher, Geer, Markham & Anderson, O. C. Adamson, Minneapolis, Minn., for plaintiff.

Preus, Maag & Abdo, E. John Abdo, Minneapolis, Minn., for Leo E. and Anne C. Browne.

DEVITT, Chief Judge.

This action, brought under the Federal Declaratory Judgments Act, raises an issue as to our exercising jurisdiction where a State Court action in the same matter is pending.

Jurisdiction is based on diversity of citizenship and the requisite amount in controversy. It is not claimed that the issue is governed by federal law.

Westchester Fire Insurance Company issued a liability insurance policy to Drive-Ur-Self System, Inc., a company engaged in the car rental business. One of the provisions of the policy insured those who drove the car with the permission and consent of Drive-Ur-Self.

The defendant Larson, while driving one of the Drive-Ur-Self cars, was involved in an accident with another car on December 24, 1960, on Highway 169 in the State of Minnesota. The occupants of the other car, Leo E. and Anne C. Browne and Belva and Max Lewis, were injured. They brought an action

based on negligence against Larson and Drive-Ur-Self in the Hennepin County, Minnesota District Court. It is therein alleged that Larson drove the car with the permission and consent of, and as the agent and employee of, Drive-Ur-Self.

Westchester Fire Insurance Company takes the position that Larson did not drive the car with the permission and consent of Drive-Ur-Self or as its agent and employee. It does not deny its obligation to defend Drive-Ur-Self.

Westchester then instituted this action under the Federal Declaratory Judgments Act, 28 U.S.C.A. § 2201, asking us to declare that Larson was not driving the Drive-Ur-Self System car with its permission and consent or as its agent and employee, and that it has no obligation to defend the lawsuit against Larson in the State Court.

Two of the named defendants in this lawsuit, Leo E. and Anne C. Browne, move for dismissal of the action. The issue thus raised and argued is as to the propriety of this Court entertaining the action in view of the pending State Court action.

█ It is quite clear from reading the statute and examining the cases construing it that Federal Courts have a wide discretion in entertaining actions under the Declaratory Judgments Act. The statute provides that the Courts "*may* declare" the rights and other legal relationships of the parties. 28 U.S.C.A. § 2201. We are not compelled to exercise jurisdiction and make such a declaration, and accordingly a motion to dismiss the complaint, as here, is addressed to our discretion. Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942).

It seems to us that in this case it wouldn't make much sense for the Federal Court to step in and make a declaration as to the permissive use issue because that is one of the issues framed in the State Court action. In due course the State Court will determine whether Larson was in fact driving the car with the consent and permission of Drive-Ur-Self and as its agent and employee.

█ We are admonished by the Supreme Court in the Brillhart case, supra, to avoid gratuitous interference with the orderly and comprehensive disposition of State Court litigation. It is there said that "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."

That is exactly the situation here. Technically, Westchester is not a party to the State Court action, but as insurer of Drive-Ur-Self, it is the real party in interest.

In a relatively recent case in the Court of Appeals for the Eighth Circuit, the court affirmed the exercise of discretion by a District Court in the Western District of Missouri in refusing to entertain jurisdiction under the Declaratory Judgments Act in a similar fact situation. State Farm Mutual Auto Ins. Co. v. Bonwell, 248 F.2d 862 (1957).

In the Bonwell case, supra, the late Judge Parker is quoted extensively in connection with the history and purposes of the Declaratory Judgments Act in a decision from the Fourth Circuit, Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321, 324 (1937). There it is said, again in a quotation from another case, that the discretion vested in the District Court,

"* * * should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases, or for the purpose of anticipating the trial of an issue in a court of coordinate jurisdiction. The object of the statute is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states."

The above is a very appropriate quotation because it envisions the situation that we have here.

 While the Court can appreciate the desire of Westchester to get an anticipatory ruling as to the permissive use issue before proceeding in the State Court, it does not appear from its argument or from any of the cases it cites that the Federal Court is obligated to decide the issue, or that there is any good reason why the Court should do so. On the other hand, there are many good reasons why, in a case such as this, the Court should not assume jurisdiction, the most persuasive one being that the same issues between the same parties are already framed and ready to be decided in the State Court. Why should we get into the act? Common sense and wise judicial policy dictate that we do not. See Utilities Insurance Co. v. Ledford, 255 F.2d 123 (1958) for a Sixth Circuit Court of Appeals decision on all fours.

The motion for dismissal is granted.