LUMBERMENS MUTUAL CASUALTY
COMPANY, Plaintiff,

v.

John B. EDELMAN, T. L. Lyon, Hattie
Arnold, Sterling Arnold and Ray
Dorrell, Defendants.

No. 14113-1.

United States District Court
W. D. Missouri, W. D.

Feb. 14, 1963.

———◆———

Sprinkle, Carter, Sprinkle & Larson, Kansas City, Mo., for plaintiff.

Albert J. Yonke, Kansas City, Mo., for Arnold and Dorrell.

Lane D. Bauer, Kansas City, Mo., for Edelman and Lyon.

1

JOHN W. OLIVER, District Judge.

Plaintiff insurance company seeks to invoke the discretionary jurisdiction vested in this Court by the Federal Declaratory Judgment Act. All named defendants have filed motions to dismiss.

It is undisputed that defendants Edelman and Lyon entered into a contract with the City of Kansas City, Missouri to replace certain revolving doors on the main entrance to the City Hall. Plaintiff insurance company alleges that after those doors had been replaced, possession was relinquished to the City and it took over the operation and control of the doors. Subsequent to that time, and on October 23, 1957, an accident occurred in connection with the doors. The defendants Hattie and Sterling Arnold and defendant Dorrell were allegedly injured in that accident and all three, by the same counsel who represent them in this court, instituted damage suits on their behalf in the Circuit Court of Jackson County, Missouri, at Independence against defendants Edelman and Lyon. In two of those actions an additional defendant was joined but that defendant is not made a party in this action.

Plaintiff insurance company, under a reservation of right, undertook the defense of all three actions on behalf of Edelman and Lyon.

Hattie Arnold's case was tried first. She recovered a judgment in the amount of $30,000. That case pends on appeal in the Supreme Court of Missouri. Because no supersedeas bond was given pending appeal, an equitable action in the nature of garnishment in accordance with the usual Missouri procedure was instituted and is now pending in the State court against the plaintiff insurance company that seeks to have this Court exercise its discretionary jurisdiction.

Plaintiff insurance company does not deny that the issues relating to the scope of coverage of the policy it issued Edelman and Lyon as those issues are joined in the State court garnishment action are the same issues of coverage that plaintiff seeks to have this Court determine in the pending case.

It would seem obvious that the garnishment proceeding in the State court is being stayed—and for that matter the trial of the other two pending damage suits are being stayed—until the determination of the pending appeal from the Hattie Arnold judgment by the Supreme Court of Missouri. Certainly the lawyers involved and all of the State court judges recognize that should the Supreme Court of Missouri reverse Hattie Arnold's judgment on the ground that no case can be made against Edelman and Lyon, the question of the scope of coverage in the insurance policy would become moot, not only in that case, but, as a practical matter, in the other two cases pending which arose out of the identical factual situation.

And it must also be recognized that should the Supreme Court of Missouri affirm Hattie Arnold's judgment, the issues the insurance company seeks to litigate in this Court are already joined for trial in the pending State court garnishment proceedings. No legal doubt exists but that those issues are properly before the State court for determination in the equitable action in the nature of garnishment. See Arditi v. Mass. Bonding & Ins. Co. (Supreme Court of Missouri, 1958) 315 S.W.2d 736.

From a practical standpoint there can be no legitimate doubt but that the determination of the State court in regard to the coverage question that would be involved in the State garnishment proceeding will effectively rule the identical legal question that could be said to be present potentially in connection with the other two cases that await trial.

Under these legal and factual circumstances we believe that we would abuse the judicial discretion vested by the Federal Declaratory Judgment Act if we accept and exercise the general jurisdiction conferred on a District Court of the United States by that legislation.

The leading case, Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), teaches that "ordinarily it would be uneconomical as well as vexatious for a federal court to pro-

ceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties".

That case instructed District Courts that "gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided".

A defendant's motion to dismiss a federal declaratory judgment action is, of course, directed to a District Court's discretion; not its jurisdiction. When such a motion is presented, under the rule of Brillhart, the District Court must ascertain whether the parties are in any way foreclosed by the applicable substantive State law from litigating the questions that a particular plaintiff seeks to have adjudicated by way of declaratory judgment in the Federal court.

Under the circumstances presented by this case we believe the ordinary and not the exceptional situation is presented. We cannot find in this case that the Missouri procedure forecloses the plaintiff in the pending state court litigation from adequately testing the precise coverage question that plaintiff would have this Court litigate. In fact, our view of the Missouri law requires a finding precisely to the contrary.

Nor can we accept plaintiff's argument that "it is defending three law suits in the State court, one of which has been tried and is on appeal", and that it is "faced with the necessity of trying two more laws suits including appeals therefrom and the possibility of defending garnishment actions in those law suits". Judge Ridge, while a member of this Court, applying the rationale of Brillhart in Atchison T & S Ry. Co. v. Ross et al., (W.D.Mo.1950) 88 F.Supp. 451, 456, held that "the hardship and expense of defending six state court cases, standing alone, is not of sufficient consequence so as to lead this court to assume jurisdiction" in a declaratory judgment action.

Plaintiff's argument that the language in Rule 57 of the Rules of Civil Procedure, which states that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate", requires us to exercise jurisdiction is not tenable. State Farm Mutual Automobile Ins. Co. v. Bonwell, 8th Cir., 1957, 248 F.2d 862, the most recent controlling case, determined that Rule 57 does not make appropriate an action for declaratory judgment that is not otherwise appropriate under the tests announced in Brillhart.

In the State Farm Mutual case, as here, the plaintiff in the federal declaratory judgment action had assumed the defense of the State court actions under a reservation of right agreement. Judge Duncan of this Court exercised his judicial discretion against the assumption of jurisdiction. In defining the general principles which control the exercise of the conferred judicial discretion, Judge Van Oosterhout, in affirming, quoted with approval from Aetna Casualty & Surety Co. v. Quarles, (4th Cir., 1937) 92 F.2d 321, 324, and from Indemnity Ins. Co. of North America v. Schriefer, (4th Cir., 1944) 142 F.2d 851, 853. In Aetna, it was held that "[t]he object of the statute is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states".

And in Indemnity Ins. Co., the court, after noting that the plaintiff insurance company's claim in the federal court was one that could "be asserted as well after the conclusion of the suit in the state court, as it can now, and, if the company prevails in that suit, there will, of course, be no occasion to assert it at all" held that:

"There could be no possible justification for dragging into the federal court the litigation of the issues pending in the state court, for the sake of obtaining a declaratory judgment as to a matter which will have no practical significance if the defendants prevail in the state court,

**4**

and which the company can litigate as well after the termination of the state court litigation as now, if the defendants do not prevail".

 We therefore find that while we have general jurisdiction of the pending case, that under the undisputed facts and circumstances above stated, we must, in the exercise of judicial discretion also vested in this Court, decline to accept and exercise jurisdiction of this particular cause.

For the reasons stated, the motions of the defendants to dismiss should be, and they are, hereby sustained and plaintiff's action should be and is hereby dismissed, without prejudice.

IT IS SO ORDERED.