**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,**
Plaintiff,

v.

**LIPPERT BROS., INC., and Denver U. S. National Bank, Defendants.**

Civ. No. 02048.

United States District Court
D. Nebraska.

Aug. 20, 1964.

Cassem, Tierney, Adams & Henatsch, Omaha, Neb., for plaintiff Edwin Cassem.

John R. Dudgeon, Chambers, Holland, Dudgeon & Hastings, Lincoln, Neb., for defendant Lippert Bros., Inc.

J. A. C. Kennedy, Jr., Kennedy, Holland, DeLacy & Svoboda, Omaha, Neb., for defendant Denver U. S. Nat. Bank.

VAN PELT, District Judge.

The complainant, National Union Fire Insurance Company of Pittsburgh, Pa., hereinafter referred to as National, commenced a declaratory judgment action under 28 U.S.C.A. § 2201 in this court, naming as defendants Lippert Bros., Inc. and the Denver U. S. National Bank. Lippert Bros., Inc., a corporation engaged in the general contracting and construction business, is an Iowa corporation with its principal place of business in Okla-

homa; the Denver U. S. National Bank, hereinafter called Bank, is a national banking association with its principal place of business in Colorado. This matter is before the court upon the motion of Lippert Bros. to dismiss and a separate motion by the defendant Bank to quash the return of service of summons or in the alternative to dismiss the complaint.

The facts surrounding this controversy will be set forth only insofar as they are material to the disposition of these motions. On April 9, 1964 Lippert Bros. commenced suit in the United States District Court for the Western District of Oklahoma against National claiming compensation under a payment and performance bond in which National was named as surety. Lippert Bros. had entered into a sub-contract agreement on May 1, 1962 with Western Steel Erectors, Inc. whereby Western Steel was to perform certain work upon residence halls under construction on the University of Nebraska campus at Lincoln, Nebraska. The Oklahoma complaint alleged that Western Steel was unable to complete the job in accordance with the plans and specifications and that Lippert Bros. was required to complete the contract at a loss. It was further alleged that during the course of the work performed by Western Steel an employee of that corporation was injured and an award for workmen's compensation was entered by the Nebraska courts, and that Lippert was forced to cover this award for the reason that Western Steel's compensation insurance had expired.

Western Steel is now apparently either a defunct corporation or insolvent. The complaint prayed for damages against National, as Western Steel's surety, in the sum of $33,535.28.

National moved for a change of venue to the District of Colorado, one of the grounds set forth being the desirability of determining the rights and liabilities of the Bank which was a co-obligee on the performance and payment bond. This motion was denied. National then filed a motion to reconsider the motion for change of venue to the District of Colorado, or for a change of venue to this court. On June 1, 1964 this motion also was denied.

The present declaratory judgment complaint was filed in this court on May 27, 1964. As previously indicated both Lippert Bros. and the Bank have been named as defendants. The complaint is based upon the identical contract as is the Oklahoma action and prays the court to enter judgment (1) declaring that there exists no liability under the payment and performance bond, (2) that the defendant Lippert Bros.' action in taking over the completion of the contract on behalf of Western Steel Erectors was prejudicial to National, and (3) that Lippert Bros. had a duty to promptly notify National of the default of Western Steel and that they failed to do so.

The allegations in paragraphs 3 through 9 in the present complaint are almost verbatim with those contained in paragraphs 4 through 10 of the answer of National in the Oklahoma action. The remaining allegations in the Oklahoma answer and the complaint in this case relate only to formal matters of admissions or denials or allegations of jurisdiction or venue. It can be said that the defenses raised in the Oklahoma case are identical with the claims made in this action.

The facts having been set forth, the motions of the individual defendants will be considered separately.

## MOTION OF DENVER U. S. NATIONAL BANK

In support of its motion to quash or in the alternative dismiss the Bank has advanced two contentions—improper service and immunity from suit in this district because of improper venue. Both positions are meritorious.

The marshal's return on the summons recites that the defendant Bank was served in the District of Colorado at Denver by personal delivery to an assistant cashier. Rule 4(f) of the Federal

Rules of Civil Procedure provides, *inter alia:*

"All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state."

 The court is not aware of any applicable Nebraska or federal statute which would authorize a valid service on the Bank in the State of Colorado of process issued in the District of Nebraska, nor has counsel referred the court to any such provision. Certainly the Declaratory Judgment Act (28 U.S.C.A. § 2201) does not change the established rules of service of process. Putnam v. Ickes, 64 App.D.C. 339, 78 F.2d 223, cert. denied, 296 U.S. 612, 56 S.Ct. 132, 80 L.Ed. 434 (1935). It is almost axiomatic and requires no citation of authority that service of summons beyond the territorial limits of a state is invalid unless specifically authorized by a state or federal statute. No such provision being herein applicable, the defendant Bank's motion to quash should be granted.

Aside from the claim that proper service could not be obtained upon the defendant Bank, there exists another impelling reason why the alternative motion to dismiss must be sustained. Proper venue in any suit or proceeding against a national banking association is expressly limited or curtailed by the National Banking Act. Title 12 U.S.C.A. § 94 provides:

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

 A national bank is established within the meaning of this statute only in the place where its principal office and place of business is located as specified in its organization certificate. Leonardi v. Chase Nat'l Bank of City of New York, 81 F.2d 19, cert. denied, 298 U.S. 677, 56 S.Ct. 941, 80 L.Ed. 1398 (2d Cir. 1936). The principal place of business of the defendant Bank is alleged in the complaint to be in the State of Colorado. The general operations of a national banking association can be carried on only in the place specified in its organization certificate. See 12 U.S.C.A. §§ 22, 81.

 The United States Supreme Court has stated that "For jurisdictional purposes, a national bank is a 'citizen' of the state in which it is established or located, * * * and in that district alone can it be sued." Cope v. Anderson, 331 U.S. 461, 467, 67 S. Ct. 1340, 1343, 91 L.Ed. 1602 (1947). See also Mercantile Nat'l Bank at Dallas v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963). Venue, therefore, as to the defendant Bank does not lie in this district. Under 12 U.S. C.A. § 94 it is impossible to obtain venue in this district. It follows that the motion of the Bank to dismiss should be granted.

### MOTION OF LIPPERT BROS., INC.

 In support of its motion to dismiss Lippert Bros. has furnished this court with a certified copy of all proceedings which have taken place in the action now pending in the Western District of Oklahoma, and urges this court to grant its motion because of this other pending suit. Although the pendency of another action is a justifiable ground for dismissing a declaratory judgment complaint, such action is not mandatory. This allegation does, however, bring into focus the discretionary power of the court.

 Jurisdiction of declaratory judgment actions is conferred upon this court by 28 U.S.C.A. § 2201; the ex-

tent to which it should be exercised lies within the sound discretion of the court. In this regard the jurisdiction conferred in declaratory judgment actions differs from that granted in other instances where the well settled rule that courts may not decline the exercise of jurisdiction conferred upon them is applicable. See e. g., Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 5 L.Ed. 257 (1821). In fact the Declaratory Judgment Act does not add to the jurisdiction of the court but is merely a procedural device providing for an additional remedy. Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321 (4th Cir. 1937).

The mere existence of another pending action which involves the same or similar issues and parties is not, standing alone, a sufficient reason for ordering dismissal of the declaratory judgment complaint. In fact, Federal Rule 57 is quite specific on this point and provides that "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."

The court has examined many of the authorities which have considered this problem of pending litigation involving similarity of issues. It appears that a variety of factors are determinative on the exercise of discretionary jurisdiction. Those factors which the court considers significant, although it does not intimate that the list is exclusive, are (a) the degree to which the issues can be integrated; (b) the finality of a declaratory judgment as compared to the action for traditional relief; (c) the convenience of the respective forums; (d) priority of commencement of the two suits; and (e) the applicable substantive law. Each factor, though it may not be decisive standing alone, plays a significant role in resolving the question of whether to accept jurisdiction. (a) *Integration of Issues.* If any of the factors above listed can be singled out as in and of itself controlling, the identity of issues factor must fall into that category. In the oft-cited case Aetna Casualty & Surety Co. v. Quarles,

supra, Judge Parker considered the effect of a pending state action involving substantially identical issues upon an action for declaratory judgment, and concluded:

"We think that this discretion should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations (citation omitted); but it should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases, or for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction. *The object of the statute is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states.*" 92 F.2d at 324. (Emphasis added.)

This language has received approval by the Eighth Circuit in State Farm Mutual Automobile Ins. Co. v. Bonwell, 248 F. 2d 862 (8th Cir. 1957). See also, Lumbermens Mutual Casualty Co. v. Edelman, 214 F.Supp. 1 (W.D.Mo.1963); Westchester Fire Ins. Co. v. Larson, 199 F. Supp. 224 (D.Minn.1961).

As the statement of facts indicates, there is a complete identity of issues between the present declaratory judgment action and the pending Oklahoma litigation. The declaration sought by National in this action is identical in all respects with the affirmative defenses raised in the coercive action now pending. Repeating a statement of issues is unnecessary, but without doubt the questions raised are tantamount.

In Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), Mr. Justice Frankfurter, speaking for a majority Court, stated:

"Ordinarily it would be uneconomical as well as vexatious for a federal

court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." 316 U.S. at 495, 62 S.Ct. at 1175.

The Declaratory Judgment Act is remedial in nature, and "It was the congressional intent to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued." E. Edelmann & Co. v. Triple-A Specialty Co., 88 F.2d 852, 854, cert. denied, 300 U.S. 680, 57 S.Ct. 673, 81 L.Ed. 884 (7th Cir. 1937). Thus, when the pending action involves the same set of circumstances as the declaratory judgment complaint, the use of 28 U.S.C.A. § 2201 can only be justified when the overall exigencies of the situation compel the conclusion that the available relief which can be derived from the pending litigation is inadequate as compared to that which can flow from a declaratory judgment action. Jurisdiction in this instance, therefore, can only be exercised if the other controlling factors listed above outweigh the effect of this identity of issues.

(b) *Finality of a Declaratory Judgment.* The present complaint has attempted to bring in the Bank as a party defendant. The court has determined such was not properly done nor could it be done. Thus the parties in both this and the Oklahoma action are identical. The rights and liabilities of the Bank are not subject to determination either by this or the Oklahoma court. Nothing could be gained, in this respect, by allowing the parties to the Oklahoma suit to proceed in Nebraska. If the defendant Bank could properly be brought before this court, a different question might be presented. It is unnecessary, however, to resolve that question in this case.

(c) *Convenience of the Forum.* The convenience of the respective forums may also be a valid and justifiable reason for exercising or declining to exercise jurisdiction under 28 U.S.C.A. § 2201. Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, 140 F.2d 47 (4th Cir. 1944). The defendant Lippert's motion to dismiss sets forth the inconvenience of this forum as a ground for declining jurisdiction. The court does not, however, deem it necessary to fully analyze and consider the factors which go into a determination of the convenience of the forum. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Instead the court will rely upon the judgment of the Oklahoma court. Three times Judge Daugherty upon motions for change of venue—twice to Colorado and once to Nebraska—has denied such motions. The chief connection the parties in this litigation have with the State of Nebraska is that the contract was performed in this state. We do not deem this alone a sufficient reason for accepting jurisdiction when the same parties can litigate the same issues in another federal court, which prior to the filing of this action has denied a motion for change of venue to the District of Nebraska.

(d) *Priority of Commencement.* Although not controlling, priority of commencement is another important consideration. Rather than review the numerous decisions which reflect on this question, the court chooses to adopt the position taken by Professor Moore. He states:

"The maintenance of separate actions involving the same issues should be discouraged. Where a declaratory action presents issues which would necessarily be settled by another pending state or federal action, the court should weigh the relative merits of each of the two actions *as of the time of the hearing on the motion to dismiss.* \* \* \* If after an overall balance of the comparative

utility of the two actions, the court is unable to say that one is superior to the other, then it may properly employ the chronological test. For since, in that event, the two actions are equally beneficial, and since two or more *in personam* actions may proceed concurrently (although a multiplicity of actions is undesirable), the court may apply the rule of thumb that if the declaratory action was first commenced, jurisdiction should be retained—otherwise that it should dismiss the declaratory action." 6 Moore's Federal Practice 3042 (2d ed. 1953).

The present action was commenced subsequent to the now pending Oklahoma action. The comparative utility of the two actions is substantially the same, and, if anything, is in favor of the action for traditional relief, for in that proceeding both the issue of damages and liability can be finally resolved. The complainant can find no solace in the priority of commencement factor which would militate this court toward accepting jurisdiction.

■ (e) *The Applicable Substantive Law.* When jurisdiction is conferred on the court because of diversity of citizenship (28 U.S.C.A. § 1332), the applicable substantive law can become a relevant factor when ruling upon a motion to dismiss the declaratory judgment complaint. But, inquiry in this regard should be made only when an authoritative state court decision may be determinative of the the result in the declaratory suit. See Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945); Chicago v. Fieldcrest Dairies, 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355 (1942). This, of course, encompasses the situation where the pending action is being litigated in the state court in which the declaratory judgment action was filed, and the federal court is thus bound by its rulings under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Such is implicit in Justice Frankfurter's statement that it would be vexatious and uneconomical for a federal court to entertain a declaratory judgment action when a pending state court action presenting identical issues is not governed by federal law. Brillhart v. Excess Ins. Co., 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) (See quotation supra this opinion.)

This court is of the opinion that the applicable substantive law may also be of importance when the pending action is in another federal court. This is only true when there is an identity of parties and issues and the declaratory complainant is relying on additional factors to convince the court it should exercise jurisdiction. If a favorable variance exists in the applicable substantive law the inference is strong that the complaining party is seeking a different legal result rather than attempting to invoke the remedial procedures of the Declaratory Judgment Act, which affords a means of avoiding a multiplicity of suits or an undue accrual of liability. The Declaratory Judgment Act was not designed as a forum shopping device, but was intended to provide a convenient method for affording relief from uncertainty and insecurity when the rights and liabilities of parties stand contingent or in abeyance.

In this particular instance the court has not inquired into any differences between the applicable substantive law of Oklahoma and Nebraska, nor does it deem such inquiry necessary, for upon analysis of every significant factor thus far considered the conclusion is inescapable that this complaint must be dismissed. The court merely points out that where there is an identity of issues a variance in substantive law in the two forum courts should be an influencing factor in determining whether to exercise jurisdiction. This is particularly true where on an overall balance of the utility of the two actions the court is unable to say that one is superior to the other.

■ The totality of circumstances makes it apparent that this court should decline to accept jurisdiction. To exercise jurisdiction would in itself be an abuse of discretion and would subvert the

policy and purpose of the Declaratory Judgment Act. The motion of the defendant Lippert Bros., Inc. also will be granted. A separate order will this day be entered.